| | | | |
|---|---|---|---|
| Case No. | CV 18-08643 SVW (AFMx) | Date: | October 16, 2018 |
| Title | Alysia M. Kaempf; Martin Washington; Does 1 to 10 Inclusive | | |

Present: The Honorable: **Stephen V. Wilson, U.S. District Judge**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers)**   **ORDER REMANDING MATTER TO STATE COURT**

On June 29, 2018, Holland Residential, LLC ("Plaintiff") instituted unlawful detainer proceedings against Alysia M. Kaempf, Martin Washington, and Does 1 through 10 inclusive, ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 222 S. Main Street, #2237, Los Angeles, CA 90012 ("the Property"). Defendants allegedly entered into a 15-month tenancy of the Property on or about April 17, 2018 (Complaint, ¶ 6), with rent at $3,545.00 per month. At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $3,545.00. Plaintiff estimates the fair rental value of the Property as $118.16 per day. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Nicole Schneider, an alleged Doe Defendant, removed the action to this Court on October 9, 2018, citing 28 U.S.C. §§ 1332 [diversity jurisdiction], 1441 [general removal statute]. (Notice of Removal, ¶ 5.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

**CIVIL MINUTES – GENERAL**

Case No.  **CV 18-08643 SVW (AFMx)**                                           Date:

Title    **Alysia M. Kaempf; Martin Washington; Does 1 to 10 Inclusive**

     Although the notice of removal referred to diversity jurisdiction, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for past due rent of $3,545.00, plus ongoing damages at a rate of $118.16 per day.  Defendant Schneider has made no plausible allegations showing how those damages would exceed $75,000.  In addition, the Civil Cover Sheet states that both Plaintiff and Defendant are residents of California.

     Subject matter jurisdiction also exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

     The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant